**Donald David deROSIER, Plaintiff–Appellant,**

**v.**

**Christopher LONGAKER; et al., Defendants–Appellees.**

**No. 12–16556.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Jan. 2, 2014.

Donald David deRosier, Carmichael, CA, pro se.

Kevin W. Reager, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Donald David deRosier, an attorney, appeals pro se from the district court's judg-

ment dismissing his action arising from a small claims court dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) or (6). *Colony Cove Props., LLC v. City of Carson,* 640 F.3d 948, 955 (9th Cir.2011). We affirm.

The district court properly dismissed deRosier's action as barred by the *Rooker–Feldman* doctrine because the action is "forbidden de facto appeal" of a state court judgment and raises constitutional claims that are "inextricably intertwined" with the state court judgment. *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir.2003); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003) (concluding that the district court lacked jurisdiction where the plaintiff "essentially asked the federal court to review the state court's denial in a judicial proceeding, and to afford him the same individual remedy he was denied in state court" (internal citation and quotation marks omitted)).

Because we affirm on the basis of the *Rooker–Feldman* doctrine, we do not address deRosier's arguments concerning judicial immunity and Eleventh Amendment immunity.

deRosier's requests, set forth in his opening brief, for a new trial judge on remand and for clarification regarding his ability to recover attorney's fees are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.